SCHAFF v. FARMER & SON. (No. 2588.)*

(Court of Civil Appeals of Texas. Texarkana. June 16, 1922. Rehearing Denied July 1, 1922.)

1. Carriers ☞135—Refusal to set aside a special finding as to value of machinery damaged in transit held not error.

Where machinery shipped by the owners, not for sale, but for a particular service, was damaged in transit, and was returned by the carrier to the place of shipment, where the owners resided, and in an action by them for damages no evidence showed that in its present condition its value at destination was different from its value at the place of shipment, there was no error in refusing to set aside a finding on a special issue as to its value at the place of shipment, which the jury presumably fixed as at its intrinsic value to the owners, and which it was contended was not the true measure of damages.

2. Judgment ☞256(2)—Judgment for damage to machinery in transit fixed by subtracting present worth from value when shipped justified by findings.

In an action for damage to threshing machinery during transit, where the jury found the original value was $1,850 at the time of consignment and the present value was $350, the judgment, based on such finding by subtracting from the original value its present value, was not objectionable.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Farmer & Son against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

McMahon, Jones & Jones, of Greenville, for appellant.

B. Q. Evans and T. D. Starnes, both of Greenville, for appellees.

HODGES, J. The appellees sued and recovered a judgment against the appellant for damages resulting in the shipment of a threshing outfit from Greenville, Tex., to Choteau, Okl., and back to Greenville. It was alleged and shown upon the trial that the threshing machine, together with some tools, was delivered at Greenville for shipment August 4, 1920, and arrived at Choteau, Okl., August 17. It was also alleged that if the machine had arrived on August 6 the plaintiffs could and would have threshed about 30,000 bushels of grain, and would have derived therefrom a net profit amounting to a specified sum. It was also shown that when the machine did arrive at Oklahoma it was in a damaged condition. For some reason the railway agents at Choteau refused to deliver it to the appellees, and it was reshipped to Greenville, where it is still retained in the custody of the railway company. The appellees sued for and recovered damages for the injury to the machine, the loss of the profits in the business they contemplated, and for some expenses incurred in their preparations for doing the threshing contracted for.

The jury found the following facts upon special issues submitted: (1) That the plaintiffs informed the agent of the appellant at Greenville, when the threshing machine was shipped, that they had contracts with a

number of farmers in and around Choteau, Okl., to thresh grain; that plaintiffs were shipping the thresher for that purpose, and that it as important that it arrive at Choteau in a reasonable time; (2) that the plaintiffs could not, by the exercise of reasonable diligence under the circumstances, have taken the threshing machine after its arrival at Choteau on or about August 17, 1920, and repaired it sufficiently to do the work contracted for; (3) that the reasonable cash market value of the threshing machine and tractor at the time it was delivered to the railroad company for shipment at Greenville, Tex., was $1,850; (4) that the reasonable cash market value of the threshing machine at the time of its arrival at Choteau, Okl., was $500; (5) that its reasonable cash market value at the time of the trial was $350; (6) that tools valued at $50 were lost while the property was in the possession of the railway company; (7) that notwithstanding the offer of the plaintiffs to pay the freight at Choteau, Okl., the agent of the appellant refused to deliver the machine to them.

Upon these findings judgment was entered in favor of the appellees as follows: $1,555.25 as net profits lost on the threshing contracts; $236.50 for board and expenses of hands while awaiting the arrival of the machinery; $1,550 as damages to the machine and the loss of tools.

In the assignments 1 and 3 appellant complains of the refusal of the court to sustain special exceptions to portions of the petition upon the ground that the averments were too general, vague, and indefinite to apprise defendant of the nature of the claims and items sued on. The assignments were without merit, and are overruled.

[1] In the second assignment the appellant complains of the refusal of the court to set aside the finding of the jury as to the value of the threshing machinery at Greenville. The contention is that its value at Greenville was not the true measure of damages. The record shows that this machinery belonged to the appellees, who resided at Greenville. It had been shipped to Oklahoma for a particular service, and was later returned to Greenville. It was not shipped for sale, and there is no finding as to what its market value was. Presumably, the jury fixed its intrinsic value to the owners. There is no evidence tending to show that in its present condition its value in Choteau was different from its value at Greenville. The assignment is overruled.

[2] It is also contended that the judgment of the court allowing $1,500 as damages to the thresher is not supported by the verdict of the jury. It is evident that in arriving at the sum of $1,500 embraced in the judgment the court merely substracted the present value of the machinery, $350, as found by the jury, from its original value of $1,850, which was also fixed by the jury. There is no legal basis for the objection. The finding of $500, the value of the machinery at the time of its arrival in Choteau, was disregarded, and does not enter into the judgment rendered.

The remaining assignments are overruled, and the judgment is affirmed.